UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO:  1:09-mj-4057 |
| Plaintiff, | ) ) | |
| v. | ) ) | MAGISTRATE JUDGE NANCY A. VECCHIARELLI |
| GERMAN JUAN BRAVO HAU *aka Oscar Valenzuela Harris*, | ) ) ) | |
| Defendant. | ) | **ORDER** |

On December 9, 2009, the court received a waiver of speedy trial.  (Doc. 8.)  On December 16, 2009, defendant filed a motion to continue and waiver of speedy trial. (Doc. 10.)

The waiver filed on December 9 states that the defendant's attorney and the government need an additional 90 days to engage in discussions pre-indictment regarding the case.  That motion for a continuance and the speedy trial waiver further state that defendant's counsel and the government are in the process of negotiating a plea agreement and that the negotiations will likely resolve the matter and avoid unnecessary complex litigation.

Given the initial waiver filed on December 9 and the reasons given in the subsequent motion and waiver, the Court construes the motion and waiver filed on December 16 to be a motion for additional time for the government to present the case to the grand jury.[1]

---

[1] The brief in support of the motion filed on December 16, among other things, mistakenly refers to a trial before the Magistrate Judge.

Title 18 U.S.C. 3161 (h)(7)(A) and (B)(i),(ii),(iii),(iv) provides that:

(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161 (b), or because the facts upon which the grand jury must base its determination are unusual or complex.
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Neither the waiver nor motion provides the Court with any extensive information about the complexities of the litigation or the reason such a lengthy period of time, that is, 90 days, is necessary. Further, the Court has reviewed the complaint and nothing on the face of the complaint and affidavit in support suggests that this is an unusually complex case. In the Court's view, there is no apparent reason under 18 U.S.C. 3161(h)(7)(B)(ii) that justifies a 90-day continuance, and counsel has not provided justification for a continuance of that length.

Counsel for both sides and the defendant have represented they need more time to discuss the matter pre-indictment and negotiate a plea agreement. It is reasonable to allow counsel some additional time for effective preparation; however, these discussions should not be delayed unnecessarily.

The Court finds that failure to grant a continuance could potentially result in a miscarriage of justice and that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

Accordingly, the Court grants a **45-day** continuance from the date of the filing of the initial waiver (Doc. 8) to permit both counsel time to discuss the matter and negotiate a plea agreement. This order is hereby entered pursuant to Title 18 U.S.C. 3161 (h)(7)(A) and (B)(i).

**IT IS SO ORDERED.**

Date:  December 18, 2009             s/ *Nancy A. Vecchiarelli*
                                     NANCY A. VECCHIARELLI
                                     UNITED STATES MAGISTRATE JUDGE